**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| James J.E. Sharp, | Case No. 2:26-cv-00239-RFB-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| U.S. Government, | |
| Defendant. | |

Pro se Plaintiff brings this lawsuit and moves to proceed *in forma pauperis* (IFP). *See* ECF No. 1. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a). This Court finds he has not shown an inability to prepay fees or costs or give security for them. Accordingly, this Court will deny his request to proceed *in forma pauperis*. Should Plaintiff wish to proceed with his case, he must pay the filing fee and amended complaint no later than March 9, 2026.

This Court now screens Plaintiff's complaint (ECF No. 1-1).

**I.    ANALYSIS**

**A.    Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of

his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### B.    Screening the complaint

Plaintiff's complaint is essentially void of any factual allegations. *See* ECF No. 1-1. Even liberally construing Plaintiff's complaint, it does not state sufficient factual allegations about the underlying dispute and the defendants' role in the matter to state a claim.

In addition, this Court notes that Plaintiff has named the US Government and some of its agencies as defendants. However, absent a waiver, the United States and its agencies enjoy sovereign immunity from suit. *Loeffler v. Frank*, 486 U.S. 549, 554 (1988). "The same is true of federal officers sued in their official capacities." *Morales-Alfaro v. United States Dep't of Homeland Sec.*, No. 20-cv-82-LAB (BGS), 2020 WL 248968, at *1 (S.D. Cal. Jan. 15, 2020). Sovereign immunity is jurisdictional, and the government's consent to being sued is a prerequisite for jurisdiction. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "The burden to show that sovereign immunity has been waived is on the party bringing suit." *Plater v. United States*, 359 F. Supp. 3d 930, 937 (C.D. Cal. 2018). Accordingly, Plaintiff's complaint is dismissed with leave to amend.

If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement of the grounds for the Court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Additionally, the amended complaint must

contain a short and plain statement describing the underlying case and each defendant's involvement in the case. *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give each defendant fair notice of his claims against it and of Plaintiff's entitlement to relief.

Additionally, Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

## II.    CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is DENIED. Plaintiff shall have until March 9, 2026, to pay the filing fee.

IT IS FURTHER ORDERED that the Clerk of Court must detach and separately file Plaintiff's complaint (ECF No. 1-1).

IT FURTHER ORDERED that Plaintiff's complaint is dismissed with leave to amend.

IT IS FURTHER ORDERED that if Plaintiff wishes to file an amended complaint, he must do so by March 9, 2026. Failure to comply with this order will result in a recommendation that this case be dismissed.

DATED: February 9, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE